GULOTTA, Judge.
In this action for worker’s compensation benefits by a roustabout injured on a drilling rig on the outer Continental Shelf beyond the territorial waters of Louisiana, plaintiff appeals from a judgment dismissing his suit on an exception of lack of subject matter jurisdiction. We affirm.
In support of Louisiana state court jurisdiction of his claim, plaintiff relies on LSA-R.S. 23:1035.1, which provides in pertinent part:
§ 1035.1 Extraterritorial coverage
(1) If an employee, while working outside the territorial limits of this state, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this Chapter had such injury occurred within this state, such employee, or in the event of his death resulting from such injury, his dependents, shall be entitled to the benefits provided by this Chapter, provided that at the time of such injury
(a) his employment is principally localized in this state, or
(b) he is working under a contract of hire made in this state.
Contending that his employment was “principally localized” in Louisiana, plaintiff describes the fixed rig platform located in federal waters as “an extension of Louisiana soil”. He further argues that all his “job assignments, payroll checks, and other employment connections” with the defendant employer, Noble Drilling Corporation (Noble) were in Louisiana. Alternatively, he contends that his “contract of hire” is a Louisiana contract within the meaning of the statute because his salary, insurance, and all orders and reports were paid or *9 executed in the defendant employer’s Louisiana office. We reject these contentions.
At the outset, we note that plaintiffs representations concerning the nature of his employment are made only in his appellate brief and are not supported by countervailing affidavits filed in opposition to the exception of lack of subject matter jurisdiction. In contrast, the defendant employer presented two affidavits supportive of its position.
The affidavit of Johnnie W. Hoffman, Noble’s Gulf Coast Division Manager, states: that Noble is a Delaware Corporation with its principal place of business in Tulsa, Oklahoma; that all pay checks for Noble employees are prepared and signed in the Oklahoma office; that the rig on which plaintiff was allegedly injured was operated exclusively on the outer Continental Shelf beyond the territorial waters of Louisiana; that plaintiff’s pre-employment physical examinations were performed by physicians in Mississippi; and that at no relevant time from 1979 to 1983 did plaintiff perform work for Noble within the bounderies of Louisiana or any of its territorial waters.
In a second affidavit in support of the exception, James Owens, Noble’s roustabout pusher or supervisor, averred that he and plaintiff had contact in Mobile, Alabama concerning plaintiff’s prospective work on Nobel’s offshore rigs; that he and plaintiff had traveled to Louisiana where they were transported to the rigs on the outer Continental Shelf; that plaintiff’s employment applications, income tax forms and other documents were filled out after arriving on the rigs; and that plaintiff at no time worked for Noble within the borders of Louisiana or its territorial waters.
The exception and its supporting affidavits considered, we find no error in the ruling of the trial judge. The undisputed affidavits and documents establish that plaintiff is an Alabama resident whose work on Noble’s rigs has been beyond the territorial waters of Louisiana, and whose only connection with Louisiana has been his traveling to this State to disembark for transportation to the rigs. Under these circumstances, we find no merit to plaintiff’s contention that his employment was principally localized in this state at the time of his injury.
We likewise reject plaintiff’s argument that his “contract of hire” was made in this state. According to defendant’s affidavits, plaintiff had initial contact with Noble in Alabama and signed his contracts with the defendant Oklahoma corporation on offshore rigs outside of Louisiana. Again, plaintiff’s contact with Louisiana appears to be only a peripheral one: as a point of departure to the rig. We therefore find no merit to plaintiff’s alternate argument.
In so holding, we distinguish Thompson v. Teledyne Movible Offshore, Inc., 419 So.2d 822 (La.1982), cited by plaintiff. In Thompson, the central issue was whether a Louisiana worker injured during Louisiana related employment on the outer Continental Shelf was entitled to recover Louisiana worker’s compensation benefits notwithstanding his entitlement to benefits under the federal Longshoremen’s and Harbor Workers’ Compensation Act. Unlike the worker in the instant case, the plaintiff in Thompson was hired in Louisiana and was employed out of the defendant Tele-dyne’s New Iberia, Louisiana office. No such principal localization of employment or contract of hire in Louisiana is reflected in the record now before us.
Having concluded that plaintiff has failed to satisfy the alternative requirements of LSA-R.S. 23:1035.1, we affirm the judgment maintaining the exception of lack of subject matter jurisdiction.
AFFIRMED.